UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CHRISTOPHER J. HAYNIE,

                Plaintiff,

-against-

NEW YORK CITY HOUSING AUTHORITY,

                Defendant.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM AND ORDER**
14-CV-5633(CBA)

**AMON, Chief United States District Judge:**

Plaintiff Christopher J. Haynie brings this pro se action against the New York City Housing Authority ("NYCHA") in connection with eviction proceedings in Queens, New York. He filed a request to proceed in forma pauperis, (Docket Entry ("D.E.") # 1), and also filed a request for an Order to Show Cause for a Preliminary Injunction and Temporary Restraining Order, (D.E. # 3). Haynie's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 is granted for purposes of this Order. For the reasons discussed below, however, the complaint is dismissed, and Haynie's request for an Order to Show Cause for a Preliminary Injunction and Temporary Restraining Order is denied.

## BACKGROUND

Haynie alleges that, as of September 17, 2014, he resided at 106-16 159th Street, Apartment 3H in Queens, New York. (Compl. at 3.) He alleges that he was the tenant of record for his original lease at 106-15 159th Street, Apartment 1B in Queens, New York, but that he was subsequently removed from the lease "without due process of law." (Id.) Haynie further states that although he requested an application for "remaining family member" status,[1] NYCHA failed to provide him with an application and did not provide him with a written denial of his

---

[1] In limited circumstances, NYCHA's policy permits a "remaining family member" to succeed the tenant of record on a lease after the tenant of record dies or leaves an apartment. Williams v. New York City Housing Auth., 879 F. Supp. 2d. 328, 331-32 (E.D.N.Y. 2012).

1

request. (Id.) He alleges that NYCHA initiated an eviction proceeding against him, and that he was required to vacate his apartment by September 22, 2014. (Id.) Haynie requests that this Court stay the state court eviction proceedings to hear his constitutional claims. (Id. at 4.)

## DISCUSSION

As a pro se plaintiff, Haynie's complaint is held to less stringent standards than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to the statute governing proceedings in forma pauperis, the Court must dismiss a complaint if it determines that the action "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Further, "[i]t is axiomatic that federal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction." Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700 (2d Cir. 2000). Subject matter jurisdiction may be raised by the court sua sponte. Id. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see also Durant, Nichols, Houston, Hodgson & Cortese–Costa, P.C. v. Dupont, 565 F.3d 56, 62–63 (2d Cir. 2009). The basic statutory grants of subject matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for federal question jurisdiction, and 28 U.S.C. § 1332, which provides for diversity jurisdiction. In order to establish federal question jurisdiction, a plaintiff must plead a colorable claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Here, Haynie invokes this Court's federal question jurisdiction. He asserts that his complaint raises "constitutional issues," including the conclusory allegation that he was removed

from the lease "without due process of law." (Compl. at 3-4.) Liberally construing his complaint, Haynie also appears to allege that he was denied due process in connection with his application for remaining family member status. (Id.) In his request for an Order to Show Cause for a Preliminary Injunction and Temporary Restraining Order, Haynie asserts that NYCHA "failed to comply with their own procedures when terminating [his] tenancy and failed to afford [him] due process of law." (D.E. # 3 at 1.)

The Court construes Haynie's complaint as alleging a violation of his Fourteenth Amendment due process rights pursuant to 42 U.S.C. § 1983. Haynie's conclusory allegations that NYCHA violated his due process rights, however, are not supported by any factual allegations and therefore appear to be simply an attempt to present a wrongful eviction claim. It is well-settled that "federal courts do not have subject matter jurisdiction over state eviction actions or other landlord-tenant matters." Oliver v. New York City Housing Auth., No. 10-CV-3204(ARR), 2011 WL 839110, at *3 (E.D.N.Y. Mar. 2, 2011); see also Smith v. New York City Housing Auth., No. 12-CV-6375(CBA)(JMA), 2012 WL 6731703, at *2 (E.D.N.Y. Dec. 28, 2012) (same); Southerland v. New York City Housing Auth., No. 10-CV-5243(SLT), 2011 WL 73387, at *2 (E.D.N.Y. Jan. 7, 2011) (dismissing § 1983 claims, among others, against NYCHA because "[t]he sum and substance of plaintiff's claims [were] related to his landlord-tenant matters" over which federal courts do not have subject matter jurisdiction); Galland v. Margules, No. 05-CV-5639(DC), 2005 WL 1981568, at *1 (S.D.N.Y. Aug. 17, 2005) (finding court did not have subject matter jurisdiction over complaint that arose "out of a residential landlord-tenant action pending in Housing Court"), aff'd, 191 F. App'x 23 (2d Cir. 2006). Although the Court acknowledges that "tenants in public housing cannot be deprived of continued tenancy without due process of law," Oliver, 2011 WL 839110, at *3, Haynie cannot "repackage his landlord-

3

tenant claims as § 1983 claims in order to confer federal question jurisdiction," Southerland, 2011 WL 73387, at *2; see also Galland, 2005 WL 1981568, at *2 ("Plaintiff does refer to violations of his constitutional rights within his complaint. Nevertheless, this Court does not have federal question subject matter jurisdiction over plaintiff's housing law claims, even when such claims are dressed in the garb of constitutional claims."). Accordingly, this Court lacks subject matter jurisdiction over Haynie's case.

Moreover, even assuming this Court had jurisdiction, the only relief Haynie seeks in his complaint is a stay of the state court eviction proceedings. (Compl. at 4.) Under the Younger abstention doctrine "federal courts should generally refrain from enjoining or otherwise interfering in ongoing state proceedings." Spargo v. New York State Comm'n on Judicial Conduct, 351 F.3d 65, 74 (2d Cir. 2003). "Younger abstention is mandatory when: (1) there is a pending state proceeding, (2) that implicates an important state interest, and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of his or her federal constitutional claims." Id. at 75. Although unclear based on the complaint and Haynie's request for a stay of the state court proceedings, it appears the state action is still pending.[2] Moreover, there is no suggestion that Haynie is unable to assert his due process claims in the state court proceedings. Accordingly, even if the Court had jurisdiction, Younger abstention would apply. See Galland, 2005 WL 1981568, at *3 (stating that, in light of the Younger

---

[2] Even to the extent the case is no longer pending and Haynie seeks to challenge a state court order of eviction, this Court would likely lack jurisdiction pursuant to the Rooker-Feldman doctrine. The Rooker-Feldman doctrine precludes federal district courts from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). See, e.g., Smith v. New York City Housing Auth., No. 12-CV-6375(CBA)(JMA), 2012 WL 6731703, at *2 (E.D.N.Y. Dec. 28, 2012) ("Even if the Court had subject matter jurisdiction over landlord-tenant matters, the Rooker–Feldman doctrine would prevent this Court from asserting jurisdiction because Smith seeks review of a state court judgment rendered before these federal district court proceedings commenced."); Torres v. City of New York, No. 09-CV-1894(KAM), 2009 WL 1346396, at *3 (E.D.N.Y. May 13, 2009) (finding that Rooker-Feldman doctrine prohibited court from granting relief plaintiff sought, namely "to overturn the state court's judgment and order of ejectment, ordering the sale of her home and her eviction from that home.").

doctrine, "to the extent that plaintiff raises § 1983 claims in an attempt to have this Court review and/or intervene in an ongoing residential landlord-tenant action pending in Housing Court, where both plaintiff and defendants are parties, such claims are dismissed"); see also Clark v. Bloomberg, No. 10-CV-1263(JG), 2010 WL 1438803, at *2 (E.D.N.Y. Apr. 12, 2010) (finding that the Younger abstention doctrine barred plaintiff's "claims to enjoin the foreclosure action and the eviction proceedings" where the state court actions were pending, "both concern[ed] the disposition of real property and hence implicate[d] important state interests, and there [was] no reason to doubt that the state proceedings provide[d] [plaintiff] with an adequate forum to make the arguments he [sought] to raise").

In dismissing Haynie's complaint, the Court is mindful that it "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks and citation omitted). Here, given that Haynie's complaint is, at bottom, a challenge to his state court eviction over which the Court does not have jurisdiction, amending the complaint would be futile. The Court therefore declines to grant Haynie leave to amend his complaint. See Baker v. New York State, 128 F. App'x 185, 186 (2d Cir. 2005) (finding that, "[a]lthough a pro se plaintiff should generally be afforded an opportunity to amend his complaint prior to its dismissal for lack of subject matter jurisdiction, the district court did not err in failing to grant [plaintiff] leave to amend his complaint" because amendment would have been futile).

## CONCLUSION

Accordingly, the Court dismisses the complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Plaintiff's request for an order to show cause is also denied. The Court

certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to enter judgment accordingly.

SO ORDERED.

Dated: February 4, 2015
      Brooklyn, NY

                                            Carol Bagley Amon
                                            Chief United States District Judge